IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Nuke Jennings, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:19-cv-02355-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden of Evans Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Nuke Jennings ("Petitioner"), proceeding *pro se* and *in forma pauperis*, brought this action seeking to enforce a plea agreement. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On September 12, 2019, the court entered an order construing Petitioner's complaint as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 16). On December 9, 2019, Respondent filed a Motion for Summary Judgment. (ECF No. 32). The magistrate judge subsequently issued an order on December 11, 2019, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of Respondent's motion and the possible consequences if Petitioner failed to adequately respond by January 13, 2020. (ECF No. 35). The *Roseboro* order was then mailed to Petitioner at the address he provided to the court, (ECF No. 36), but was returned the following day as undeliverable, indicating Petitioner was "no longer at this address," (ECF No. 38).

On January 28, 2020, the court entered a second order advising Petitioner to respond to the motion for summary judgment and extending his time to do so until February 27, 2020. (ECF No. 40). The order also warned Petitioner that, if he failed to respond, his action may be subject to

dismissal for failure to prosecute. *Id*. This order was mailed to Petitioner at the same address and has not been returned to the court. To date, despite the court's repeated warnings, Petitioner filed no response to Respondent's motion for summary judgment. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Petition be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to comply with court orders. (ECF No. 42). Petitioner was advised of his right to file objections to the Report. (ECF No. 42-1). However, Petitioner has not filed any objections and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See United States v. Schronce*, 727 F.2d 91, 92–94 (4th Cir. 1984).

Having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report in its entirety (ECF No. 42), and incorporates it herein. Accordingly, the court finds that the Petition is subject to dismissal for failure to prosecute and to comply with court orders under Federal Rule of Civil Procedure 41(b). Accordingly, the

Respondent's Motion for Summary Judgment (ECF No. 32) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED with prejudice.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 10, 2020